UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| THOMAS GANNUCCI and ANGELA GANNUCCI, | )<br>)<br>) |
| Plaintiffs | )<br>) |
| vs. | )   CAUSE NO. 3:05-CV-501RM<br>) |
| FLEETWOOD MOTOR HOMES OF INDIANA, INC., | )<br>)<br>) |
| Defendant | ) |

OPINION AND ORDER

Fleetwood Motor Homes of Indiana, Inc. moves to dismiss the complaint of Thomas and Angela Gannucci. The Gannuccis allege that they purchased a motor home manufactured by Fleetwood, and that the motor home was not what it should have been. They seek an award of damages under a variety of theories. Fleetwood seeks dismissal for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). Such a motion can be granted only if it appears beyond doubt that the plaintiff can prove no set of facts consistent with the complaint upon which relief can be granted. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Cler v. Illinois Education Ass'n, 423 F.3d 726, 729 (7th Cir. 2005). For the reasons that follow, the court denies the motion to dismiss except to the extent the Gannuccis, too, seek dismissal.

Noting that the complaint describes it as "Full Warrantor," Fleetwood first argues that it did not issue a full warranty to the Gannuccis. The Gannuccis respond that their use of "Full Warrantor" is meant simply to identify Fleetwood

rather than to carry any legal significance, and further argue (upon information and belief) that Fleetwood purported to give a full warranty, only to substitute a limited warranty in the post-sale papers. Fleetwood denies having given a full warranty, but the dismissal motion is not the vehicle to test the sufficiency of a plaintiff's case. *See* Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). A plaintiff may hypothesize facts consistent with the complaint to demonstrate the complaint's sufficiency, Brown v. Budz, 398 F.3d 904, 908-909 (7th Cir. 2005), and the Gannuccis have done so.

With respect to the remaining bases for Fleetwood's dismissal motion, Fleetwood demands more of the complaint than do the Federal Rules of Civil Procedure.

> The federal rules require (with irrelevant exceptions) only that the complaint state a claim, not that it plead the facts that if true would establish (subject to any defenses) that the claim was valid. All that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer. "All that's required to state a claim in a complaint filed in a federal court is a short statement, in plain (that is, ordinary, non-legalistic) English, of the legal claim.... The courts keep reminding plaintiffs that they don't have to file long complaints, don't have to plead facts, don't have to plead legal theories.

Higgs v. Carver, 286 F.3d 437, 439 (7th Cir.2002) (citations omitted); *see also* International Marketing, Ltd. v. Archer-Daniels-Midland Co., Inc., 192 F.3d 724, 733 (7th Cir.1999) ("The only function the pleadings must serve is to give notice of the claim; the development of legal theories and the correlation of facts to theory come later in the process."). The complaint provides Fleetwood with

2

adequate notice of the claims, and it doesn't appear beyond doubt that the Gannuccis cannot prove any set of facts consistent with their complaint that would entitle them to the relief they seek. Matters may well appear different at trial or at the summary judgment stage, but the case hasn't progressed beyond the complaint.

In their response to the dismissal motion, the Gannuccis ask to voluntarily dismiss count IV, which purported to assert a claim for breach of the implied warranty of habitability. The Gannuccis didn't file a separate notice of dismissal, but to save the parties expense, the court will treat the request as though it were a motion. Fleetwood's only objection is that the dismissal should be with prejudice rather than without, because count IV is meritless. Because Fleetwood hasn't filed an answer to the complaint or a summary judgment motion, the Gannuccis may dismiss without prejudice as a matter of right, without leave of court. *See* FED. R. CIV. P. 41(a). The court cannot order the dismissal to be with prejudice.

For the foregoing reasons, the court DENIES the defendant's motion to dismiss the complaint [docket #6] and DISMISSES WITHOUT PREJUDICE Count IV of the complaint on the plaintiffs' notice.

ENTERED:   November 29, 2005

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court